<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MICROTEL INNS AND SUITES FRANCHISING, INC.,** | : : : : | |
| Plaintiff, | : : | Civil Action No.: 14-1969 (ES) |
| v. | : : | **MEMORANDUM OPINION & ORDER** |
| **V.A.L. ENTERPRISES, INC., et al.** | : : : | |
| Defendants. | : : | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of Plaintiff Microtel Inns and Suites Franchising, Inc. ("MISF" or "Plaintiff") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court having considered Plaintiff's submissions, (D.E. No. 14), and it appearing that:

1. On March 28, 2014, MISF commenced this action, against defendants V.A.L. Enterprises, Inc. ("VAL"), Chhaya Patel, Jayesh D. Patel, and Dinesh S. Patel (collectively "Defendants") alleging breach of a license agreement and trademark infringement. (*See* D.E. No. 1, Complaint ("Compl.") ¶¶ 15–37; *see also* Ex. A to Compl. ("License Agreement")).

2. On April 21, 2014, the Summons and Complaint were served upon Defendants. (*See* D.E. No. 6).

3. The time for which Defendants to answer or otherwise respond to the Complaint has expired, and Defendants did not answer or otherwise move.

1

4. Plaintiff requested entry of default, (D.E. No. 7), and default was duly noted by the Clerk of the Court against Defendants on May 15, 2014 for their failure to plead or otherwise defend in this action. (D.E. No. 8).

5. By letter dated May 19, 2014, MISF served a copy of the default upon Defendants. (*See* D.E. No. 14-2, Certification of Bryan P. Couch in Support of Motion for Final Judgment by Default ("Couch Cert.") ¶ 8; *see also* Ex. A to Couch Cert.).

6. On January 14, 2015, MISF filed the instant motion seeking default judgment against Defendants. (D.E. No. 14).

7. Local Civil Rule 7.1 provides that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2 . . . are filed with the Clerk." L.Civ.R. 7.1(d)(1). Local Civil Rule 7.1 further states that "[i]n lieu of filing any brief . . . a party may file a statement that no brief is necessary and the reasons therefor." L.Civ.R. 7.1(d)(4). Here, MISF's Notice of Motion includes the following statement:

> A brief under Local Civil Rule 7.1(d)(l) of the United States District Court for the District of New Jersey is not submitted because no significant legal argument is made in connection with this motion. However, the undersigned reserves the right to file a brief to supplement its motion papers if the Court concludes that additional submissions would be helpful to the Court in rendering a decision.

(D.E. No. 14 at 3, Statement in Lieu of Brief).

8. Before entering a default judgment as to a party "that has not filed responsive pleadings, a district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008) (citation omitted).

9. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332. MISF is a Georgia corporation with its principal place of business in New Jersey. (Compl. ¶ 1). Defendant

2

VAL is a Virginia corporation with its principal place of business in Tennessee; Defendants Chhaya Patel, Jayesh D. Patel, and Dinesh S. Patel are citizens of Tennessee. (*Id.* ¶¶ 2–5). The amount in controversy in the matter, exclusive of interests and costs, exceeds the sum of $75,000. (*Id.* ¶ 6).

10. "A default judgment entered without personal jurisdiction over the defendant is void." *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012) (citation omitted).

11. It is unclear whether the Court has personal jurisdiction over Defendants. "Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)) (emphasis in original). Here, there is no indication of actions by Defendants that create a substantial connection to the forum state of New Jersey. Indeed, section 13B of the License Agreement states as follows:

> This Agreement is valid when executed and accepted by us at our office in Atlanta, Georgia. It is made and entered into in the State of Georgia and shall be governed and construed under and in accordance with the laws of the State of Georgia, without regard to its conflicts of laws or provisions. You acknowledge that you have sought, voluntarily accepted, and became associated with us at our headquarters in Atlanta, Georgia. The choice of law designation permits but does not require that all lawsuits or proceedings concerning this Agreement to be filed in the State of Georgia.

(License Agreement at 18). Furthermore, the guaranty signed by Chhaya Patel, Jayesh D. Patel, and Dinesh S. Patel states as follows:

> Any litigation initiated under this Guaranty shall be instituted exclusively at our discretion in the U.S. District Court for the Northern District of Georgia, Atlanta Division or in the Superior Court of DeKalb County, Georgia. The undersigned expressly agree that they are subject to the jurisdiction and venue of those courts for purposes of such litigation. The

3

        undersigned hereby waive and covenant never to assert any claim that they are not subject to personal jurisdiction in those courts or that venue in those courts is for any reason improper . . . .

(Ex. D to Compl. ("Guaranty") at 2).

12. "Once a proper jurisdictional objection is raised, the plaintiff bears the burden of proving the facts necessary to establish the minimum contacts the Constitution requires." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) (citation omitted).

Accordingly, IT IS on this 24th day of June 2015,

**ORDERED** that Plaintiff's Motion for Default Judgment, (D.E. No. 14), is DENIED without prejudice; and it is further

**ORDERED** that if Plaintiff chooses to refile the default judgment motion in this matter, it shall submit a brief in accordance with Local Civil Rule 7.2, and the brief shall address how this Court has personal jurisdiction over Defendants; why this venue is proper; and why granting default judgment is proper, *see, e.g.*, *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–37 (D.N.J. 2008) (outlining factors).

    **SO ORDERED.**

                                            *s/ Esther Salas*
                                            **Esther Salas, U.S.D.J.**